**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| National Credit Union Administration, )<br>   )<br>            Plaintiff, )<br>   )<br>v. )<br>   )<br>QD Custom Builders, Inc., et al., )<br>   )<br>            Defendants. )<br>   ) | CIV. 13-1384-PHX-PGR<br><br>**ORDER** |

Before the Court is Plaintiff's Alternative Motion to Defer Consideration of Defendants' Motion for Summary Judgment. (Doc. 17.) For the reasons set forth below, the motion is granted.

On July 1, 2011, Plaintiff AEA Federal Credit Union filed a lawsuit in Yuma County Superior Court alleging breach of contract and seeking monetary damages against Defendants QD Custom Builders ("QD") and it president, Robert Schaffer. On December 17, 2010, the National Credit Union Administration ("NCUA" or "Plaintiff") assumed control of AEA's operations and placed AEA into a conservatorship. On July 2, 2013, the superior court granted NCUA's motion to intervene and substituted NCUA as Plaintiff.

On June 28, 2012, AEA filed a first amended complaint ("FAC"), adding claims of aiding and abetting tortious conduct, civil conspiracy, and civil racketeering. (*See* Doc. 1, Ex. 2 at 13–24.) On June 6, 2013, Defendants filed a motion for summary judgment on the new claims. (*Id.* at 53–68) Plaintiff removed the case on July 7, 2013. (Doc. 1.) On July 16, 2013, Plaintiff responded to the summary judgment motion and filed the pending motion to defer consideration. (Doc. 17.)

## BACKGROUND

The FAC alleges that between 2006 and 2010, William Liddle, Vice President of AEA's Business Lending Department, along with Frank Ruiz, Shelby Carl, and Todd Burch, "concocted a scheme to use [Defendants] QD and Schaffer as a conduit to extract excessive loans from AEA." (FAC, ¶ 23.) Entities controlled by Ruiz, Burch, and Carl retained QD and Schaffer to act as general contractor for a number of projects. (*Id.*) According to the FAC, "QD and Schaffer would request loan proceeds from Ruiz, Burch, and Carl for amounts far exceeding the work actually performed on the projects." (*Id.*) Ruiz, Burch, and Carl would then "submit inflated loan requests to AEA" and "divert the excessive loan funds to themselves for their personal use." (*Id.*) The FAC alleges that "QD and Schaffer would receive a portion of the excess loan funds as compensation for their role in the scheme." (*Id.*) In support of these allegations, Plaintiff points to "suspicious payments that QD requested and received from AEA," including 204 separate checks in early 2008, each in the amount of exactly $20,000. (*Id.*, ¶ 25.) Plaintiff also indicates that draw requests made by QD, which would provide information on how QD used funds disbursed by AEA, could not be found in AEA's records.

On August 31, 2012, AEA served discovery requests, including requests for production and non-uniform interrogatories. Defendants objected to each request, but informed AEA that it could inspect twelve boxes of records maintained by QD. Because the boxes consisted of some 13,000 pages of documents, the parties and their counsel agreed in November 2012 to create an electronic copy of the records. After meeting with Darrin Davidson, AEA's Chief Lending Officer, Schaffer agreed to produce an organized set of documents concerning the funds QD received from AEA. As a result, AEA instructed Defendants' counsel to postpone reproducing the paper records.

Schaffer ultimately failed to produce the promised documents. In April 2013, AEA directed Defendants' counsel to create an electronic copy of QD's records. Defendants produced the electronic copy on May 14, 2013. On June 3, 2013, Defendants submitted their initial disclosures, identifying their fact witnesses, including Vanessa Rosner, QD's office

manager. Defendants filed their summary judgment motion on June 5, 2013.

Defendants move for summary judgment on the grounds that there is no factual support for Plaintiff's claims, asserting that they can account for all of the funds QD received from AEA. This assertion relies on a declaration from Rosner, which was attached to Defendant's statement of facts in support of the summary judgment motion.

According to Plaintiff, the Rosner declaration relies upon information that Defendants have not yet disclosed, including data from QD's business management software, as well as handwritten materials prepared by Rosner, which were not disclosed until the filing of Defendants' summary judgment motion.

## ANALYSIS

Plaintiff asks the Court to defer consideration of Defendant's summary judgment motion so that it can conduct additional discovery. Specifically, Plaintiff asserts that it must (1) review and analyze the 13,000 pages of documents Defendants disclosed and produced, (2) obtain and review the business management software Rosner relied on in creating her declaration, and (3) depose Schaffer and Rosner. (Doc. 17 at 8.)

Rule 56(d) of the Federal Rules of Civil Procedure permits a party to resist a summary judgment motion by "show[ing] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to the motion. A party may invoke Rule 56(d) to ask the court to deny the summary judgment motion outright or delay consideration while the party completes necessary discovery.

A party relying on Rule 56(d) must offer specific reasons that it needs additional discovery to oppose a summary judgment motion. The affidavit must set out "the specific facts it hopes to elicit from further discovery" and show that "the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008); *see State of Cal., on Behalf of California Dept. of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998) (explaining that for a continuance under Rule 56(f), predecessor to 56(d), parties must show "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from

further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion").

Rule 56(d) only applies "where the non-moving party has not had the opportunity to discover information that is essential to its opposition." *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1169 (9th Cir. 2011) (quoting *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001)). However, courts should grant Rule 56(d) motions "fairly freely" when a party has not "had any realistic opportunity to pursue discovery relating to its theory of the case." *Burlington Northern Santa Fe R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003); *see Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001).

In support of its Rule 56(d) motion, Plaintiff has provided an affidavit from counsel Michael King listing 18 "essential facts" Plaintiff believes it can procure through additional discovery. (Doc. 17, Ex. 8.) Many of these facts pertain to Defendants' knowledge of the fraudulent schemes perpetrated by Liddle, Ruiz, Burch, and Carl, as well as Defendants' awareness of alleged irregularities, such as the use of verbal construction contracts, in the financing of another project called Lynnwood Lots. (*Id.* at 5–6.) Plaintiff also seeks facts about the "final disposition" of checks issued by AEA to QD which did not appear in either party's records. (*Id.* at 7.) Contrary to Defendants' argument, these sought-after facts are specific and non-speculative. They are also essential to resist Defendants' summary judgment motion, particularly as the motion is based on Defendants' contention that there is no factual support for Plaintiff's allegations concerning improper disbursements from AEA to Defendants. In sum, King's affidavit satisfies Plaintiff's burden under Rule 56(d).

The Court also finds that the need for additional discovery is not the result of a lack of diligence on Plaintiff's part. Defendants did not provide an electronic copy of QD's business records until May 13, 2013, despite an apparent agreement, reached in December 2012, that Schaffer would provide the materials. Moreover, Defendants provided the Rosner declaration just two days prior to filing their motion for summary judgment. Based on these circumstances, the Court finds that Plaintiff has not had an adequate opportunity to discover

1  information that is essential to its opposition.

2  Finally, the litigation is in its early stages. A scheduling conference is set for
3  December 16, 2013 (*see* Doc. 30), after which the Court will set discovery deadlines,
4  including a deadline for initial disclosures under Rule 26(a)(1). When a summary judgment
5  motion is filed early in the proceedings, as Defendants' was here, motions under Rule 56(d)
6  should be granted "fairly freely." *Burlington*, 323 F.3d at 773.

## CONCLUSION

8  Plaintiff has identified specific, material facts that it may elicit from discovery, which
9  are essential to its opposition to Defendants' motion for summary judgment. Therefore, the
10 court will grant Plaintiff's request for relief under Rule 56(d).

11 Accordingly,

12 IT IS HEREBY ORDERED granting Plaintiff's Alternative Motion to Defer
13 Consideration of Defendants' Motion for Summary Judgment (Doc. 17). Defendants' motion
14 for summary judgment, filed in Maricopa County Superior Court on June 6, 2013 (*see*
15 Doc. 1, Ex. 2 at 53–68), is denied without prejudice.

16 IT IS FURTHER ORDERED denying Plaintiff's motion to exclude Ms. Rosner's
17 declaration (Doc. 18).

18 IT IS FURTHER ORDERED granting Plaintiff's motion for enlargement of time
19 (Doc. 14).

20 IT IS FURTHER ORDERED denying as moot Plaintiff's motion to set Rule 16(b)
21 scheduling conference (Doc. 6).

22 DATED this 3rd day of October, 2013.

Paul G. Rosenblatt
United States District Judge