**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| National Credit Union Administration,   )<br>                                     )<br>           Plaintiff,                )<br>                                     )<br>v.                                   )<br>                                     )<br>QD Custom Builders, Inc., et al.,   )<br>                                     )<br>           Defendants.               )<br>                                     ) | CIV. 13-1384-PHX-PGR<br><br>**ORDER** |

On July 1, 2011, Plaintiff AEA Federal Credit Union filed a lawsuit in Yuma County Superior Court alleging breach of contract and seeking monetary damages against Defendants QD Custom Builders and Robert Schaffer. Prior to the lawsuit, on December 17, 2010, the National Credit Union Administration ("NCUA") assumed control of AEA's operations and placed AEA into a conservatorship. On July 2, 2013, the superior court granted NCUA's motion to intervene and substituted NCUA as Plaintiff. On July 9, 2013, Defendants filed a motion to reconsider the state court's ruling under Rule 7.1(e) of the Arizona Rules of Civil Procedure. NCUA removed the case to this Court on July 10, 2013. Defendants' motion for reconsideration is still pending. (*See* Doc. 8-1.)

In seeking reconsideration, Defendants asserted that the state court granted the motion for intervention and substitution without allowing Defendants to respond to all of NCUA's arguments. They further argued that the court erred in its application of Rules 24 and 25(d) of the Arizona Rules of Civil Procedure. This Court disagrees.

The Federal Credit Union Act, which created NCUA, authorizes NCUA to remove to federal court any suit to which it is a party. The Act provides:

> (a) In carrying out the purposes of this subchapter, the Board may—
>
> (2) sue and be sued, complain and defend, in any court of law or equity, State or Federal. All suits of a civil nature at common law or in equity to which the Board shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy. The Board may, without bond or security, remove any such action, suit or proceeding from a State court to the United States district court for the district or division embracing the place where the same is pending by following any procedure for removal now or hereafter in effect. . . .

12 U.S.C. § 1789(a)(2).

Rule 24(a)(2) provides that "anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

The Court agrees with NCUA that intervention was appropriate so that it could protect its interests in federal court. The Court also finds that intervention in such cases is "a common practice." *Federal Deposit Insurance Corporation v. Otero,* 598 F.2d 627, 633 n.7 (1st Cir. 1979); *see Rosciti Const., Inc. v. Lot 10 of East Greenwich Town Assessor's Plat 14*, 754 F.Supp. 14, 17 (D.R.I. 1991); *Savoy v. White*, 753 F.Supp. 412 (D.Mass. 1990); *Burch v. National Credit Union Admin.*, No. CV-11-2309-PHX-FJM, 2012 WL 714838 (D.Ariz. March 6, 2012 ); *Kirkindoll v. National Credit Union Admin. Bd.*, No. 3:11-CV1921-D, 2011 WL 5025226, at *2 (N.D.Tex. Oct. 21, 2011); *Estate of Underwood v. National Credit Union Admin.*, 665 A.2d 621 (D.C. 1995).

The Court also concludes that intervention will not cause delay or prejudice, or result in additional litigation. Given the applicable law described above, the Court is unpersuaded by Defendants' argument that reconsideration of the state court's order is necessary to prevent confusion regarding AEA's status as a party.

Accordingly,

IT IS HEREBY ORDERED denying Defendants' motion for reconsideration, filed in Maricopa County Superior Court on June 6, 2013 (*see* Doc. 8-1).

DATED this 7th day of January, 2014.

_____
Paul G. Rosenblatt
United States District Judge